IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GWENDOLYN A. PERRYMAN, )<br>*as Administrator of the Estate of* )<br>*Chris Andrews, Jr., deceased*, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>BUTLER COUNTY COMMISSION, )<br>ALABAMA, *et al.*, )<br> )<br>Defendants. ) | CASE NO. 2:23-cv-577-RAH<br>[WO] |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Chris Andrews, Jr. died from an allergic reaction while in pretrial custody at the Butler County Jail. Over the course of a day, by his Estate's account, jailers ignored and refused his and other detainees' demands that he receive immediate medical attention. The Estate sues the Butler County Commission (the County) and two jailers on duty during the incident, Mary Teague and Brent Hall. All defendants have moved to dismiss the claims against them. The County primarily asserts its lack of responsibility for the actions of the jailers. The jailers contend qualified immunity shields them from suit and that the Estate has failed to state a claim against them. The County's motion will be granted, and the jailers' motion will be denied.

## II. BACKGROUND

On October 7, 2021, Andrews was a 24-year-old pretrial detainee at the Butler County Jail. (Doc. 26 at 4.) Upon arrival to the jail, he notified the staff of his medical history, including his food allergies. (*Id.*) At some point on October 7,

1

2021, or shortly before, Andrews was exposed to an allergen that caused a prolonged medical event which evolved into a medical emergency requiring immediate medical attention. (*Id*.)

Sometime during the ordeal, jail staff observed Andrews's suffering, which required medical attention and transportation to the hospital for emergency care and treatment. (*Id*. at 5.) Jail staff first agreed to transport him, but they later decided against it. (*Id*.)

Mary Teague and Brent Hall were jailers on duty during Andrews's ordeal. (*Id*. at 7.) Throughout his suffering, Andrews asked them many times for medical attention, but they denied his requests. (*Id*. at 5.) Other detainees saw that Andrews's condition was serious and required medical attention, so they too continuously pleaded with Teague and Hall in the hope Andrews would receive care. (*Id*. at 6.) Those pleas were ignored. (*Id.* at 6.) Andrews died in jail on October 7, 2021. (*Id*. at 7.)

A medical examiner completed an autopsy and generated a report on October 8, 2021. (Doc. 26-3 at 3.) The report noted that Andrews had a history of peanut and seafood allergies. (*Id*.) The medical examiner discovered laryngeal, epiglottal, and pulmonary edema, with congestion, during Andrews's autopsy and identified the cause of death as complications from an allergic reaction of unknown etiology. (*Id*.)

Although the report was finalized in October 2021, the Estate was unable to obtain it, or any information on the cause of Andrews's death, until September 28, 2023 (less than two weeks before the two-year anniversary of his death) because the local district attorney asserted that the death was under criminal investigation. (Doc. 26-3 at 2, 5.)

The Estate filed this action a few days later, on October 2, 2023. In the operative complaint, the Estate brings a Fourteenth Amendment deliberate indifference claim and a state law wrongful death claim against all Defendants.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss under Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64. But if the facts in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief,'" and the complaint must be dismissed. *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (alteration adopted).

## IV. DISCUSSION

### A. Butler County Commission

In Count One, the Estate alleges the County violated the Fourteenth Amendment's prohibition against deliberate indifference by failing to sufficiently fund the Butler County Jail so that the jail could provide adequate medical care,

3

treatment, and monitoring of detainees, including Andrews. In Count Three, the Estate brings a state law wrongful death claim under Alabama Code § 6-5-410, claiming the County failed in its duty "to act timely and responsibly in providing or procuring medical treatment" for Andrews. (Doc. 26 at 11.) The County argues the Estate has failed to state a claim against it.

Since Andrews's ordeal occurred while he was a pretrial detainee, the Estate's federal claim is subject to review under the Due Process Clause of the Fourteenth Amendment, which prohibits imposing punishment on those who have not yet been convicted of a crime, rather than the Eighth Amendment's prohibition against cruel and unusual punishment, which governs claims of convicted inmates. *See generally Bell v. Wolfish*, 441 U.S. 520 (1979); *accord Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). "[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir. 1985). The Eleventh Circuit has long held that "the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Cottrell*, 85 F.3d at 1490; *Hamm*, 774 F.2d at 1574 (holding that for analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and the Eighth Amendment); *Tittle v. Jefferson Cnty. Comm'n*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing that whether the alleged violation is reviewed under Eighth or Fourteenth Amendment is immaterial).

Additionally, most federal courts, including the Eleventh Circuit, apply the deliberate indifference standard in deciding claims of pretrial detainees challenging medical treatment and other conditions of confinement. *See, e.g.*, *Nam Dang by & through Vina Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1279 (11th Cir. 2017)

(holding that a pretrial detainee's claims challenging medical treatment provided to him "are evaluated under the same [deliberate indifference] standard as a prisoner's claim of inadequate care under the Eighth Amendment" and specifically refusing to extend the objective reasonableness standard set forth in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

In *Turquitt v. Jefferson County*, 137 F.3d 1285, 1288–1291 (11th Cir. 1998), the Eleventh Circuit, sitting en banc, addressed whether, in the context of a pretrial detainee's claim, "an Alabama county can be held liable under 42 U.S.C. § 1983 for injuries befalling a county jail inmate arising from the sheriff's management of the jail." The Eleventh Circuit said no and noted that Alabama statutory authority delegates to sheriffs the daily operational authority of county jails and, when engaged in that role, sheriffs are not county policymakers for purposes of § 1983. *Id.* at 1289 ("The Alabama Supreme Court has held that § 14-6-1 demonstrates that 'the sheriff's authority over the jail is totally independent of the [county commission].'" *King v. Colbert Cnty.*, 620 So. 2d 623, 625 (Ala. 1993)). And in matters related to the supervision of detainees and operations of the county jails, Alabama sheriffs are state—not county—officers, and a sheriff's authority is independent of the county commission. *Turquitt*, 137 F.3d at 1289–90.

The operative complaint fails to attribute to the County any affirmative or direct conduct or actual involvement in Andrews's ordeal on October 6 and 7, 2021. And even if it did—perhaps related to the acts of the jailers alleged to be employees of the Sheriff of Butler County—the Estate's federal claim against the County fails under *Turquitt*. *See Marsh v. Butler Cnty.*, 268 F.3d 1014, 1026 n.6 (11th Cir. 2001) (en banc), *abrogated in part by Twombly*, 550 U.S. at 561–63.

To the extent that the Estate claims that the County bears responsibility for ensuring that procedures are in place for detainees to receive medical care, it runs into another problem:

5

> [U]nder Alabama law the County is not responsible for assuring procedures are in place for inmates to get medical care. Alabama law assigns counties a "limited role in building and funding the jails." Therefore, the County is not a responsible party for the alleged tort of deliberate indifference to [Plaintiff's] medical needs. This claim was properly dismissed against the County.

*Marsh*, 268 F.3d at 1026 n.6 (internal citations omitted).

The Estate attempts to circumvent *Turquitt* and *Marsh* by underscoring the County's statutory duties to fund a jail, including detainee medical care. This argument is unavailing. Alabama statutes do impose duties on county commissions to erect and maintain county jails, but as noted in *Turquitt,* "these statutes are entirely consistent with the counties' limited role in building and funding the jails and do not imply or impart any control over the jails' operation." 137 F.3d at 1290. *See also Gaines v. Choctaw Cnty. Comm'n,* 242 F. Supp. 2d 1153, 1162 (S.D. Ala. 2003) ("While the County does have a duty to maintain its jail, that duty does not extend to the medical care of prisoners.").

The Estate also cites Ala. Code § 14-6-20(a) ("The county commission . . . may elect a physician, . . . to attend the inmates of the jails[.]") to support its position. But that statute calls for the permissive ability of the County to *elect* a physician to attend to inmates. *See, e.g.*, *Gaines*, 242 F. Supp. 2d at 1161–62. It does not create a mandatory duty to provide medical care, nor does it put the County's duty to fund and maintain jails at issue. And it does not impose a duty on the County to ensure that detainees like Andrews are seen by a medical provider or transported to an outside doctor for treatment.

Those legal hurdles aside, the Estate's claims about medical funding can proceed only upon factual allegations that demonstrate a duty, a breach, *and* causation as to the injury claimed. But the Estate does not support its claim with

well-pleaded factual allegations. Instead, it offers conclusory allegations that the County breached its duty to fund medical care. It does not sufficiently allege that there was inadequate funding or make any factual assertions about how this allegedly deficient funding resulted in the denial or delay of medical care to Andrews or anyone else. The Estate's bare and conclusory assertion that the County failed to adequately fund medical care at the Butler County Jail is not enough to support its claim in Count One. As such, Count One against the County will be dismissed. The Estate pled Count Three in the alternative to Count One and for the same reasons Count Three fails to state a claim too. *Marsh*, 268 F.3d at 1026 n.6; *Turquitt*, 137 F.3d at 1289–92. It too will therefore be dismissed.

### B. Teague and Hall

#### 1. Count One

Teague and Hall move to dismiss the Estate's Fourteenth Amendment deliberate indifference claim against them, arguing they are shielded from suit by qualified immunity and that the Estate's allegations against them are conclusory.

To state a claim for deliberate indifference to Andrews's medical needs, the Estate must sufficiently allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (citation omitted).

In the Eleventh Circuit, a deliberate indifference claim includes an objective and subjective component. *See Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). First, an inmate must show an "objectively serious medical need." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Alternatively, whether a medical need is serious can be

7

determined by "whether a delay in treating the need worsens the condition." *Mann*, 588 F.3d at 1307. Under either definition, "the medical need must be one that, if left unattended, poses a substantial risk of serious harm." *Id.* Then, to satisfy the subjective component, the Estate must show the Defendants (1) knew about a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence. *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010).[1] On the first prong, "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). An official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Although an official's failure to address a risk that he "should have perceived but did not" is "no cause for commendation," it does not rise to the level of deliberate indifference. *Id.* at 838. Finally, the Estate must show the Defendants' acts had a causal connection to Andrews's death. *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020).

Teague and Hall argue the Estate's allegations are conclusory and Count One should therefore be dismissed against them. But they are wrong. The operative complaint sets out sufficient facts against each of them to support a deliberate indifference claim. The Estate asserts (1) Andrews was suffering from a serious

---

[1] The Eleventh Circuit recently reheard oral argument en banc after vacating the panel decision of *Wade v. McDade*, 67 F.4th 1363 (11th Cir. 2023), *vacated*, 83 F.4th 1332 (11th Cir. 2023), in which a panel concluded the "gross negligence" not the "mere negligence" standard applies to the deliberate indifference analysis following *Farmer v. Brennan*, 511 U.S. 825 (1994). The en banc Eleventh Circuit has not yet entered its opinion in *Wade*, so the Court is bound by *Townsend* until the Eleventh Circuit holds otherwise. *Patel* is also instructive: "no matter how serious the negligence, conduct that can't fairly be characterized as *reckless* won't meet the Supreme Court's standard" in *Farmer*. 969 F.3d 1173, 1188 n.10 (11th Cir. 2020) (quoting *Farmer*, 511 U.S. at 839–40 (likening the deliberate-indifference standard to "subjective recklessness as used in the criminal law")).

medical event (a severe allergic reaction causing visible, prolonged suffering), (2) Teague and Hall each observed and were told about it, ignoring many pleas for emergency care for Andrews from himself and other detainees, (3) Teague and Hall refused to seek medical treatment for Andrews, either at the jail or by transporting him elsewhere, and (4) Andrews ultimately died in their custody because of the serious medical event.  Taking the allegations as true at this point, the deliberate indifference claim against Teague and Hall is plausible, and that is all that is required at the pleading stage.

The jailers also raise the defense of qualified immunity, and all here agree they were performing discretionary functions when the allegedly wrongful conduct occurred.  "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (citations and quotations omitted).  "To receive qualified immunity, the government official must first prove that he was acting within his discretionary authority."  *Id.*  Once the Defendants show they were performing discretionary functions or otherwise acting within the scope of their discretionary authority when the allegedly wrongful conduct occurred, the burden shifts to the Estate to show each Defendant violated clearly established law.  *Benning v. Comm'r, Ga. Dep't of Corr.*, 71 F.4th 1324, 1333 (11th Cir. 2023) (citing *Terrell v. Smith*, 668 F.3d 1244, 1250 (11th Cir. 2012)).  The inquiry "turns on the 'objective legal reasonableness[,]'" *Ziglar v. Abbasi*, 582 U.S. 120, 151 (2017), of Defendants' actions "in light of the specific context of the case" to determine whether "every reasonable official would have understood that what he is doing violates" a legal right.  *Benning*, 71 F.4th 1333 (quoting *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021)).  "For purposes of qualified immunity, decisions of the Supreme Court, the

Eleventh Circuit, or the appropriate state supreme court can announce clearly established law." *Id.* (citing *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017)). The Court looks to the law as it was at the time of the alleged wrongful conduct and does "not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Id.* at 1334 (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63–64 (2018)).

Although "the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be . . . raised and considered on a motion to dismiss." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *St. George*, 285 F.3d at 1337).

The Estate plausibly alleges facts that, if true, show that Teague and Hall acted with deliberate indifference to Andrews's serious medical need, so they are not entitled to qualified immunity at this point. The operative complaint makes clear that Teague and Hall were acting within the scope of their discretionary authority on October 6 and 7, 2021, in their role as jailers at the Butler County Jail. And the allegations leave little doubt that Andrews was suffering from a serious medical condition (because he died from it) and that Teague and Hall were aware of Andrews's need for medical care yet refused to act or intervene. Lastly, Teague and Hall were on notice in October 2021 that they had to obtain medical care for a detainee who was suffering from a serious medical condition and that the failure to do so would violate Andrews's constitutional rights. *See, e.g.*, *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995); *Aldridge v. Montgomery*, 753 F.2d 970, 973 (11th Cir. 1985); *Carswell v. Bay Cnty.*, 854 F.2d 454, 457 (11th Cir. 1988); *Goebert v.*

10

*Lee Cnty.*, 510 F.3d 1312, 1330–31 (11th Cir. 2007); *Patel*, 969 F.3d at 1190 (an official's knowledge of an inmate's need for medical care and intentional refusal to provide that care constitutes deliberate indifference).

"A finding of deliberate indifference necessarily precludes a finding of qualified immunity; prison officials who *deliberately* ignore the serious medical needs of inmates cannot claim that it was not apparent to a reasonable person that such actions violated the law." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer,* 536 U.S. 730 (2002). Teague and Hall are not shielded by qualified immunity when measured against the allegations in the operative complaint, and the Estate has plausibly stated a Fourteenth Amendment deliberate indifference claim against them. Accordingly, Teague and Hall's motion to dismiss Count One will be denied.

        2. *Count Two*

Count Two is a state law wrongful death claim against the jailers. *See* Ala. Code § 6-5-410. Teague and Hall again argue for immunity and attack the claim as conclusory and lacking specificity, thereby requiring dismissal.

For the same reasons the latter argument was rejected on the deliberate indifference claim, it will also be rejected here. The Estate pled enough facts to support a state law wrongful death claim since Andrews was in Teague's and Hall's custody as a detainee; the pair were present during the medical event and observed Andrews's suffering; they refused Andrews's requests for medical care; they refused other detainees' requests that Andrews be medically treated after they saw his condition themselves; and, Andrews died from his condition. The jailers do have a duty under Alabama law to provide Andrews with medical care. *See* Ala. Code § 14-6-19. *See also Bell v. Advanced Corr. Healthcare, Inc.*, No. 2:16-cv-278-TMP, 2016 WL 7242170, at *6–7 (N.D. Ala. Dec. 15, 2016). Although the Estate must raise more than an unadorned the-defendant-unlawfully-harmed-me accusation and must

11

provide more than labels and conclusions, it has presented factual allegations sufficient to raise a right to relief above the speculative level. The Estate has therefore stated a plausible claim for relief on its face.

Teague and Hall, as jailers, are entitled to immunity to the same extent as sheriffs under the Jailer Liability Protection Act, Ala. Code § 14-6-1. As both acknowledge, they are entitled to immunity if they were acting in the line and scope of their duties and in "compliance with the law." *See Young v. Myhrer*, 243 F. Supp. 3d 1243, 1254 (N.D. Ala. 2017). Key here is their "compliance with the law," which means compliance with criminal statutes, civil statutes, and constitutional standards. At issue is Teague and Hall's compliance with civil statutes, including Ala. Code § 14-6-19, and constitutional standards. Deliberate indifference to a serious medical need violates a constitutional standard. *See Taylor v. Hughes*, 920 F.3d 729, 734 (11th Cir. 2019) (holding defendants are not immunized from liability under state law if they violated constitutional rights); *Foster v. Maloney*, 785 F. App'x 810, 818–19 (11th Cir. 2019) (holding "plausible" deliberate indifference to serious medical needs claim stripped officials of state agent immunity for state-law claims). Since the Estate has stated both a Fourteenth Amendment deliberate indifference claim and a state law wrongful death claim, Teague and Hall have not shown their entitlement to jailer immunity at this point. Count Two will therefore remain.

## V. CONCLUSION

For these reasons, it is **ORDERED** as follows:

1. Defendant Butler County Commission, Alabama's *Motion to Dismiss* (doc. 28) is **GRANTED,** and Defendant Butler County Commission, Alabama is **DISMISSED** from the case;

2. Defendant Brent Hall's and Mary Teague's *Motion to Dismiss* (doc. 30) is **DENIED**;

3. Counts One and Two will proceed against Defendants Brent Hall and Mary Teague.

**DONE** on this the 16th day of May 2024.

_/s/ R. Austin Huffaker, Jr._
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE